Three from this panel of the Fifth Circuit. We have three cases this morning. We will decide probably after a second whether we'll take a break or not. It remains to be seen. First case of the morning is Michael Ramirez v. Texas City. Mr. Bremer, you may proceed. Good morning. Thank you. May it please the court. My name is David Bremer for the appellant, Michael Ramirez. Your Honors, the city demolished a home worth over $160,000 and destroyed $15,000 worth of personal property inside the home, all without due process of the law. But after a bench trial, the district court awarded Mr. Ramirez $1 for the violation of his due process rights. And this was error for two reasons. First, the issue of damages should have been tried before a jury because Ramirez made a jury request, served a jury request, excuse me, a demand within five days after removal of the case in accordance with Federal Rule 81. And secondly, he submitted a motion to the court under Rule 39 for a jury trial, which the district court improperly denied. But even assuming the court's denial of a jury trial was correct, the court erred in denying compensatory damages because it applied a takings clause precedent which holds nuisances aren't property interests for the takings clause. It applied that to his due process, to Ramirez's due process claim incorrectly. And so that was an illegal area that would justify reversal beyond the jury issue. The case should be resolved on the jury trial issue and sent back for a redo, this time before a jury, on particularly damages. And Mr. Ramirez will then have a chance to recover his approximately $180,000 in damages. That may not be a lot of money for the city, which has quite a large budget, but for Mr. Ramirez, it's a very big deal. He was wiped out by this, this event, the destruction of his home and the subsequent $1 award. And he would request this court to let him go back and prove to a jury of his peers that the city's demolition of the home caused his real property and personal property damages. On the legal issues pertaining to how the court denied compensation at the bench trial under this takings rule, I would point out in addition... Let me stop you there. I thought you were going to elaborate just a bit more on the jury demand. Let me ask you some details of that. My understanding, of course, is the jury demand appeared in an unusual document, appearance form. But later, jury instructions were filed and I assume it was a district court clerk who filed that there would be a jury trial on a certain date that the district court did not have a role in that. Is there any other filing in the district court that would indicate... One of the things the opposing counsel says in the briefing is that they were operating under the auspice that it was a non-jury trial. I thought it might be the opposite, that because of these filings, the assumption would be that it was a jury trial. So help me, what was before the counsel, lawyers, that would indicate it was going to be a jury trial after that filing that may or may not have been sufficient? Right, if I understand your question... Or maybe just go through the whole thing. What was in the record that you have expressed and perhaps the court itself acknowledged in some way that there was to be a jury trial? Sure. Well, starting with the first certificate of interest where it said a jury requested five days after removal, that was the initial request in capital letters on the caption of the certificate of interest. And beyond that, on a series of captions, and I'm going to go through these, on a series of captions of served documents and pleadings, Mr. Ramirez continued to say jury request. I think on the summary judgment motions that were initially filed and other pleadings, two months, I can get the docket numbers for you, two months after removal, said jury requested on the caption. And it was repeated a number of times, three or four times. Okay, what response ever was there to that? I mean, the district court clerk responded, I suppose, in a way by setting it for a jury trial. Was there ever any acknowledgement that you could identify by opposing counsel, either objecting or acknowledging that there was to be a jury trial? No silence, I think would be the proper way to put it. And I suppose that from Mr. Ramirez's point of view, as you suggested, the pattern of the docket entries and his request without objection, and the clerk or the court, however you want to frame it, scheduling a jury trial, would suggest to everybody that we're proceeding towards a jury trial. So wasn't there a pretrial order that was signed by both parties that referenced a jury trial? Yes. Like there was a heading that said jury trial? Yes. Yes, there was. And language, in additional language, it wasn't just like on the top in the style, it was down in the actual order itself, and everybody signed off on that. Yes, and I think, right, and that just points out the fact that there's, that in this particular case, there was a pattern of these requests where no one should have been surprised or prejudiced by Mr. Ramirez's attempt. When did the district court raise it? It was after the pretrial order, right? I mean, a couple weeks before trial. Yes. And is that when you all filed your 39 motion? Yes, it was around that time. Yes, when we realized that there was a question about, all of a sudden, about a jury trial, the motion, the Rule 39 motion was filed to address that, and that was denied too. And so I would say that I think the court could dispose of this case on either one of the jury trial arguments, whether the certificate of, I think the certificate of interest that was filed within five days. I understand why it may not be the preferable method for some people, but that's not really the issue. It meets the letter and the spirit of rule, federal rule 81. It's a written assert. Well, I think the spirit of the rule could be, arguably, would be that it's put on a document that it's relevant to. It's on a complaint, it's on an amended complaint, it's on something else, and this is an unusual document. I'm not saying you're wrong, but it's not the best place to put that announcement. I would disagree with you on that. Well, you need to, I guess. Well, I would say that the issue is not whether it's the best place. The issue is whether it's a served written demand that puts the other side on notice. One of the things that is said, and I'm sorry, but I got that, one of the things that opposing counsel says in the briefing as well, is that when you were pushing the Daniel factors in front of Judge Brown, that your briefing was inadequate, that you really didn't explore those factors and explain them. Is that a fair assessment of the briefing before Judge Brown? I would, it's a fair assessment to say that those weren't as fully briefed as they are here, but they were raised, and I would just add, if I might, Your Honor, that the issue of this motion 39 is before the court, and it was before the court. There's no issue question here about whether a rule 39 motion was properly raised. What they're saying is you didn't make enough of an argument, but again, the issue is preserved, and arguments in district courts are often more cursory than they are in this level. But how are we reviewing the issue? Are we reviewing it under rule 39? Would that be an abuse of discretion, or are we to go back and review it under rule 38 and determine whether anything you filed along the way was a jury demand? I think you would reverse order the rule 38 first. Does it meet, is it a sufficient written served jury demand? If not, then did the district court abuse of discretion in denying the rule 39b motion? And that abuse of discretion standard, as I'm sure you know, Your Honor, is a, it's kind of an unusual abuse of discretion standard because the presumption is that you have to have really compelling, strong reasons to deny a rule 39b motion. It's, and here you don't have that. It's not like the usual abuse of discretion where you have deference to what's happening in this court. It's a little bit the reverse. You look and see if there are compelling reasons to deny it, not whether there was any good reason to do that. So the answer to your question is in reverse order. Thank you. Well, I'm just wondering, like, does the rule 39 motion, everything, everything at that point's before the district court, I guess. The issue's joined, we want a jury trial, look at all these things we filed, and now we move for one also, and the district court says, no, I'm not going to do it. We're going to have a bench trial. It feels like we could just review that for an abuse of discretion and see were there compelling reasons to deny it, or, you know. And that's exactly what this court has said. The appellate review standards are these Daniels international factors. You apply those, and if you look at all those, which focus on the reasons for delay, if there was any delay, prejudice to the parties, they all favor Mr. Ramirez here because of the pattern of the, the litigation in which jury requests were made continually and put on the docket, and so that it's, it's really hard to see how the court could deny a rule 39 B motion in this case, but it did, and so we would ask you to reverse on that ground. And if I might just quickly return to the, the legal issues, because I know if you, they're of less importance if we go back for a jury trial, but they are still important because we don't want to be back here in another year with jury instructions or a JNOV that incorporates these same flawed legal conclusions about how you can get damages for a due process violation. There's, there is simply no logical or legal basis to apply a Fifth Amendment nuisances art property for takings clause rule to a due process claim, and I would point out, implicit in the lower court's ruling that the city denied us due process, deprived us of property without due process, implicit in that ruling is that we had property that was subject to due process in section 1983. So it makes no, it's, it's a logical court to turn around and then say, but this takings clause rule where you don't get, where it's not property if you're a nuisance for takings law, that erases your property interest for due process so you get a dollar. Well, there's a difference between the real property, which was declared a nuisance, I mean, you had notice, they were coming with no further notice to demolish the property if it wasn't remedied, but you had the personal property as well. I guess there's a, maybe a separate treatment of those. Well, the district court treated them separately. I'm not sure for due process purposes why that would be. It's, the question is, do you have a protected property interest that's subject to due process and section 1983? This is a section 1983 claim, of course. So it's, the city hasn't argued here that a home that's demolished is not property for due process purposes or section 1983. It hasn't argued that the personal property is not property for due process purposes. It just simply argues that there's some kind of joining of takings clause, melding of takings clause in due process that would require, would allow a court to decide that your due process property is not property because of a takings clause rule that has never been applied to the due process context by this court or the United States Supreme Court. If there's no further questions, I'll reserve the meeting. All right, counsel. Thank you. Good morning. I'm Kyle Dixon. I represent the city of Texas City. I'd like to go over a little bit of the facts of this case. I think it's pretty helpful in determining kind of what transpired. Mr. Mears owned a home in Texas City at 13 19th Avenue. This property came to the city's attention when we caught him on February 10th, 2022, doing work that required permits and he had no permits, which included electrical and plumbing. He applied for a permit, but he was denied on February the 24th, 2022. On April the 10th, 2022, the house caught fire and burned extensively. We believe it was the wiring that was done by who knows who that caused the problem. He was sent... You said the wiring was done by? Sir? What did you say? The wiring done by and then I didn't know. We don't know who did... Normally you'd come in and get a permit for electrical to be a licensed electrician. We don't know who did the electrical work. We believe that was a cause of the problem. We immediately sent him a substandard notice that said your house is substandard and it's a nuisance and if you don't do something about it, we're going to demolish the house. He did contact us and there was some effort by he and his architect to get plans reviewed to get the house remodeled, but we never heard from either of them after July 19th, 2022. There was no conversation whatsoever. In September, on September 19th, 2022, someone, Mr. Ramirez or an agent for him, came and applied for and received a permit to demolish the house. It never got demolished, so the city decided that it was time to take care of the problem because no one in this courtroom wants to live next to a fire-damaged house. And so 454 days later, one year and two months, yes, the city obtained a permit and its contractor removed the house. It's a nice vacant lot, which Mr. Ramirez... But you're not challenging the summary judgment against the city saying that the city violated his due process rights? None. I mean, so basically, it seems to me the key issue here is whether a jury trial was demanded and whether the right to a jury trial was denied. It looks to me like they demanded a jury six ways to Sunday. I mean, everything they filed, everything they served, I'm being a little bit hyperbolic, but a lot of documents said jury trial, jury trial requested, including the pretrial order that you all signed off on. So how is this not a jury trial or a proper request? I would disagree. There was a notation on their pleading that said jury trial. That was it. But didn't the pretrial order have a section that said jury trial? There was a note on the jury trial. I don't know if that was signed by the court. No, it was signed by you. Correct. All right, well then how do we not know it's a jury trial going into... I mean, the district court, whether the judge did or not, the district court thought it was a jury trial also up to about two weeks before this thing was converted to a bench trial, right? We did not know it was a jury trial. When they filed their proposed jury instructions, we immediately filed an objection to that. Yeah, but that's at the end of a long line of documents that were exchanged and filed that said jury trial on the top. Nobody raised anything about it up to that point. I would argue there was two places in all the documents that it was an issue. Two, no more. Okay, well, how did those two documents, which two? It was in their... The Certificate of Interest of Parties or whatever, the first thing they filed. It was in a notation on top of their pleading. All right, well how does that not meet Rule 38? Rule 38 requires a pleading to be either done within 14 days. And they did that on the Certificate of Interest of Parties, the first thing they filed, right? In federal court. I don't know that was the first thing filed. We removed the pleading and they didn't file anything within that 14 days. I'm not aware they filed anything within 14 days after the case was removed. Okay, well the record is what it is. I was under the impression they'd filed something within five days of removal with Certificate of Interest of Parties that not, maybe not a conventional jury demand, but it said jury trial request for jury demand. And they filed and that was consistent all throughout from there forward. Again, I recall it being in two places in the entire docket. One of their pleadings and one on the Certificate of Interest of Parties. What were the compelling reasons that support the district court's denial of the jury trial once the Rule 39 motion was filed? Well, Rule 39 is abusive discretion and they did, they listed... But they have to, the district court, it's sort of like abusive discretion for leave to amend. I mean leave shall be freely granted. I think here it's an abusive discretion if there aren't compelling reasons to deny a jury trial. What were those reasons? Well, they listed the five factors in Daniels. They just listed, they gave the court no reason whatsoever why they should those files be filed. I'm asking you what were the compelling reasons for denying a jury trial. We prepared for a bid trial and we got, this decision was made seven days before the trial. So it would have been a complete reversal of what we were doing to prepare for trial seven days before the trial was supposed to take place. But what are you saying is the insignificance of the pre-trial order? That's what you're labeling it. It says jury trial, signed by parties, but you're basically indicating it's irrelevant. Why weren't you preparing for the jury trial if the pre-trial order said that? I can't explain why that was missed. I don't recall. I don't think it was a pre-trial order. It was a, it was an order we submitted to the court. Whatever label it had, it's the contents that are important. Understand. Well, we'll have to deal with that, but it seems to me that the parties were aware through a document that was signed with your signature on it that there was to be a jury trial. And then Judge Browns says it's not been properly requested. Anyway, keep going. We had prepared for a non-jury trial and we had this discussion with the court seven days before the trial and he denied their Rule 39B motion. Again, at that point in time, there's a lot of factors that they should have addressed. In Daniel's case. How did it, how did the city proceed on the assumption it was a bench trial? I mean, is there anything in the record where the city raised it? Anybody tried to clarify it? I'm talking about before the pre-trial order, before the Rule 39 motion, before the jury instructions were introduced by the plaintiff. Is there anywhere where the city tried to clarify that, hey, this is a bench trial? No. How did you have the assumption it was a bench trial? I mean, we did not have this case listed. It was never listed as a jury trial. What do you mean it was never listed as a jury trial? No, the court's docket is a jury trial. I thought it was on the court's docket as a jury trial. No, it was listed as a bench trial, unless I'm misreading the case. Well, according to the briefing, I didn't actually look at the docket, on February 6th was the jury instructions were filed. On February 18th, the notation on the docket setting a trial date as a jury trial for April 7th. So, at least as of February 18, 2025, I guess it was, on the docket, it said jury trial. That was when they filed their jury instructions? Yeah, that was two days, you know, February 6th and February 18th, the court entered an order. The clerk's office entered something that indicated there would be a jury trial. So, as of there, as of then, that's how it was set. And that's when we filed our objection to it, within a few days of that. Of the February 6th jury instructions or the February 18th docket? Jury instructions. But nobody with the city ever asked plaintiffs counsel way before this, are we gonna have a jury or is it gonna be a bench trial? Basically, both parties just assumed opposite things and nobody clarified it. I would agree. But nobody with the city ever noticed the initial filing in federal court that said jury trial requested? Or on the pleadings or on the motions and papers and whatnot? No, sir. We're just talking about a fundamental right that's in the Constitution that basically we're doing away with because nobody noticed what the plaintiffs were putting in the top summary judgment pleadings or the initial filings and those kinds of things. I mean, that's the troubling part of the case, to be honest. And you can't point to anything where there was any basis for the mistake on the city's part or the plaintiff's part, other than the district court eventually denied the 39 motion. No, sir. But why don't we deal with the damages? Why don't you address the arguments about that? So, this case was a damages case. It was not, I mean, we agreed there was a due process violation, but it didn't harm anything. They didn't get any injunctive relief. They didn't invalidate the ordinances. They, I mean, it was just, that was, you get a second notice, right? So, they were in, they prevailed as a nominal plaintiff because the house was a nuisance. That won't be changed. It was burnt down. No one could live there. It had no power, no water, no nothing, okay? It was kind of boarded up. It had holes in the top of it. It was a nuisance. There's no doubt it was a nuisance. So, there's no, there's no compensation due for a destruction of a nuisance, right? So, they weren't going to get any compensation for that. So, they, they got a $1 award based on being, based on due process violation, because due process violation and the damages were all the case was about, was getting damages. And they didn't get any damages because, again, the house was a nuisance. Well, they maintained that there was, they maintained that there was some value to contents, that there was some things in the house that had some value. Isn't that right? They claimed that there was some personal property left inside the property that was destroyed. Of course, they couldn't articulate what that was, and he testified that there was at least two break-ins to the house during this time period. So, no one knows if there was anything there, and no one will ever know who took it. So, they admitted that the contents had been taken from the house before it was demolished? They admitted that there had been break-ins to the home, at least two, and that things had been taken. I don't, we don't know what was left that valued the $15,000. Got it, sir. That's it, sir. Thank you. All right, thank you. Thank you, very briefly. Address that last point that your opposing counsel was making about no real evidence of what was in the house of any value. Yeah, I'm not sure, I guess I'm confused by a lot of my co-counsel's, opposing counsel's arguments that the city didn't contest the valuation of the home after the fire as about $167,000, nor did it contest the valuation of the property that was inside the home, remaining in the home, for about $15,000. The city never contested that this stuff wasn't in the house and destroyed with the demolish. What it argued only was that Mr. Ramirez couldn't testify before the court on the value of these things and the court rejected that. So, it's just simply incorrect. So, there was not an issue, factual issue, in district court that some of that property would potentially no longer have been in the house? No, absolutely not. The property, and again, I don't want to be redundant, but the city didn't contest that the home itself still retained over $160,000 in value. It did not object or contest that. Well, if something it has value, it can still be a nuisance and if it's a nuisance, it can still be demolished. Now, your due process argument is independent of that. So, I'm not saying contesting the value is perhaps the right way to challenge the proposal counsel's argument. Are you contesting that it was properly considered to be a nuisance by being structurally unsound, a hole in the roof, and whatever else was going on? We do contest that as another jury trial issue, whether it's a nuisance in fact, and I would just say all of these points that are coming up, they would play into the jury's consideration of the issue, of the issues, and the city's free to argue causation issues. It's free to argue that the damages should be less than 100. It's free to argue all those things before a jury. That's what a jury is for, but we didn't have that chance, and if we get the chance, they'll have their chance too, and I'm sorry we had to come up here to do that. We couldn't have done that before, but that's how it played out, and if you look at the record again, as your Honor's pointed out, the court set a type of proceeding, February 18, 2025. This is Record on Appeal 1568. Type of proceeding, jury trial. Look at the docket. Did the city do anything after this? Notice of setting? No, it didn't do anything. What happened is the court, on its own, two months later in April, said whoa, whoa, whoa, whoa, we need to have a conference about this. It's a jury trial, and that's when we started to discuss the sudden unexpected issue of whether it's going to be a jury or bench trial. So we can debate valuation before jury, and we're happy to do that, and I think you should allow us to do that. It's, it would vindicate Mr. Ramirez's Seventh Amendment right to a jury trial on the issues of damages. All right, counsel. Thank you. We have your argument. Thanks to both of you for assisting us with this case. We'll take it under advisement. Call the next case.